# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ELIZABETH PENDERGAST,

                Plaintiff,

    v.                                    Case No. 05-C-0051[1]

WE ENERGIES,

                Defendant.

---

ELIZABETH PENDERGAST,

                Plaintiff,

    v.                                    Case No. 05-C-0070

PAPER ALLIED-IND. CHEM. & ENER. UNION,

                Defendant.

---

ELIZABETH PENDERGAST,

                Plaintiff,

    v.                                    Case No. 05-C-0080

DARLENE HOWARD, and PAMELA HINES,

                Defendants.

---

ELIZABETH PENDERGAST,

                Plaintiff,

    v.                                  Case No. 05-C-0081

ALICE O'MAHAR,

                Defendant.

---

[1] Though the actions listed in the caption have not been consolidated, the Court addresses outstanding motions in these seven actions in a single decision. When referred to separately, the cases will be referred to by number; *e.g.*, "the 05-C-51 action."

ELIZABETH PENDERGAST,

      **Plaintiff,**

 v.               Case No. 05-C-0082

**MELINDA SCHIPO, TRACEY BUNKER,**
**and JERRLYN I. McNAIR,**

      **Defendants.**

---

ELIZABETH PENDERGAST,

      **Plaintiff,**

 v.               Case No. 05-C-0086

**UTILIQUEST, and VICKIE ORGAS,**

      **Defendants.**

---

ELIZABETH PENDERGAST,

      **Plaintiff,**

 v.               Case No. 05-C-0087

**SM&P, SUPERIOR ELECTRIC,**
**JEFF ULMAN, KEVIN KRAKE,**
**KERRY KRAKE, and NICOLE SERRA,**
      **Defendants.**

---

# DECISION AND ORDER

---

## *MOTIONS TO INCLUDE EXHIBITS*

   On July 20, 2005, the *pro se* plaintiff, Elizabeth Pendergast

("Pendergast"), filed motions to include three attached exhibits in support of her

petitions and applications for leave to proceed *in forma pauperis* in the seven above-captioned actions. The first attached exhibit is an eviction notice (Ex. A); the second and third attached exhibits are signed employee retirement savings plan affidavits and hardship withdrawal applications, respectively, dated July 7, and July 18, 2005 (Ex. B & C).

Previously, on July 18, 2005, the Court issued a decision and order granting Pendergast leave to proceed *in forma pauperis* in the 05-C-0051 and 05-C-0070 actions. The Court will not consider subsequent submissions on motions already granted. Pendergast's motions to include attached exhibits in the 05-C-0051 and 05-C-0070 actions are moot and accordingly are denied.

Pendergast's petitions and applications for leave to proceed *in forma pauperis* are pending in the 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, 05-C-0087 actions. Therefore, the Court grants Pendergast's motions to include exhibits in those five actions.

### *MOTIONS TO AMEND CAPTION*

Pendergast filed motions to amend the captions of her complaints in these seven actions to substitute "Elizabeth Spivey-Johnson" ("Spivey-Johnson") as the real party in interest. Pendergast has signed her name as Spivey-Johnson and indicates that her motions to amend the caption are made under penalty of perjury.

Exhibits B and C, attached to the July 20, 2005, motions to include exhibits, use the name "Spivey-Johnson," and Pendergast's social security number. *Compare* Attachments to Pendergast's Petitions and Applications to Proceed *in*

3

*Forma Pauperis* filed February 7, 2005, Form SSA-1099 Social Security Benefit Statement, listing social security number. Attachments to Pendergast's Petitions and Applications to Proceed *in Forma Pauperis* filed February 7, 2005, also include a copy of WE Energies bill in the name of "Nathan Spivey" with a handwritten notation that the utilities are in her son's name, and a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines in Pendergast's bankruptcy case which states that Pendergast was also known as Elizabeth Pendergast-Johnson.

In light of the foregoing, Pendergast's motions to amend captions are granted. The Clerk of Court is directed to amend the captions in the seven above-captioned actions to indicate that the plaintiff is Elizabeth Spivey-Johnson, formerly known as, Elizabeth Pendergast.

### MOTION TO AMEND AND ADD PARTY

Pendergast has filed a motion to amend and add party in the 05-C-0070 action, which sets forth allegations regarding George Torres's alleged slander of her. Also, she has filed a photocopy of her original complaint, dated January 21, 2005, in the 05-C-0070 action. This motion is filed in the wake of the Court's July 18, 2005, denial of her motion to amend and add party in that action.

Pendergast's motion to amend again will be denied, without prejudice, because Pendergast's proposed amended complaint does not conform to the requirements of Civil L.R. 15.1 (E.D. Wis.) or the directive of the Court's July 18, 2005, decision and order.

4

Civil L.R. 15.1 (E.D.Wis.) states that "Any party submitting a motion to amend must attach to the motion **the original of the proposed amended pleading**." (emphasis added). As explained in Civil L.R. 15.1: "any amendment to a pleading, whether filed as a matter of course or upon motion to amend, **must reproduce the entire pleading as amended**, and may not incorporate any prior pleading by reference." (*Id*.) The Court's decision and order dated July 18, 2005, requires Pendergast to submit the original proposed amended complaint; *e.g.*, the handwritten, typed or printed version of that document. Since Pendergast has not submitted an original of her proposed amended complaint, her motion to amend and add party is denied without prejudice.

### *MOTIONS FOR APPOINTMENT OF COUNSEL*

Pendergast has filed renewed motions for appointment of counsel in all seven actions listed in this decision's caption. Previously, the Court denied Pendergast's motions for appointment of counsel because she had failed to demonstrate that she was unable to afford counsel based upon the information contained in petitions and affidavits for leave to proceed *in forma pauperis* that she originally submitted. *See* February 3, 2004, Decision and Order at 14. The Court also noted that Pendergast's purported effort to obtain counsel were insufficient. *Id*. She had submitted letters listing attorneys and organizations that she contacted. These listings, however, identify counsel available for legal representation in employment discrimination actions; with the exception of the 05-C-0051 action, Pendergast's

complaints do not allege employment discrimination claims. Thus, Pendergast had not demonstrated meaningful efforts to obtain counsel in those actions. *Id.*

Since issuing the February 3, 2005, decision and order, the Court determined in its July 18, 2005, decision and order that Pendergast is unable to pay the filing fees in the 05-C-0051 and 00-C-0070 actions.[2] However, the inability to pay a filing fee is not synonymous with an inability to afford counsel. Legal service programs (including law school clinical programs) and contingent fee agreements provide alternative means by which persons, otherwise unable to pay attorney's fees, may obtain legal representation.

Furthermore, in the 05-C-0070, 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, and 05-C-0087 actions, Pendergast has yet to demonstrate a meaningful effort to obtain legal representation. Therefore, her motions for appointment of counsel in those actions should be denied outright. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Moreover, at this juncture of the proceedings, Pendergast appears quite competent to represent herself. The 05-C-0051 and 05-C-0070 actions are in the preliminary stages, waiting for United States Marshal's Service to effect service of the complaints upon the defendants. The remaining five actions are in the screening stages. Therefore, Pendergast's motions for appointment of counsel are denied, without prejudice.

---

[2]Absent a change in Pendergast's financial circumstances, such determination will apply in the five other actions.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pendergast's motions to include exhibits in the 05-C-0051 and 05-C-0070 actions are **DENIED**;

Pendergast's motions to include exhibits in the 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, 05-C-0087 actions are **GRANTED**;

Pendergast's motions to amend the captions in 05-C-0051, 05-C-0070, 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, 05-C-0087 actions are **GRANTED**;

The Clerk of Court is **DIRECTED** to amend the captions in these actions to indicate that the plaintiff is Elizabeth Spivey-Johnson, formerly known as Elizabeth Pendergast.

Pendergast's motion to amend and add a party in the 05-C-0070 action is **DENIED**; and,

Pendergast's motions for appointment of counsel in the 05-C-0051, 05-C-0070, 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, 05-C-0087 actions are **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 27th day of July, 2005.

**BY THE COURT**

 s/Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

7