# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIZABETH SPIVEY-JOHNSON,**
**formerly known as**
**ELIZABETH PENDERGAST,**

                **Plaintiff,**

    v.                                                  **Case No. 05-C-0082**

**MELINDA SCIPHO-EDWARDS,**[1]
**TRACEY BUNKER, and**
**JERRILYNN I. McNAIR,**

                **Defendants.**

## DECISION AND ORDER

The plaintiff Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, filed a second amended request for leave to proceed *in forma pauperis* and an amended request for appointment of counsel. The Court is obliged to give Spivey-Johnson's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Spivey-Johnson applied for long-term disability benefits on June 30, 2004. (*See* Compl., WE Energies Long Term Disability Benefit Application (attached

---

[1] The Court has amended the caption to reflect the correct spelling of defendant Melinda Scipho-Edwards ("Scipho-Edwards") surname.

to Compl.).) Spivey-Johnson asserts that defendants Scipho-Edwards, Tracey Bunker ("Bunker"), and Jerrilynn I. McNair ("McNair"), employees of Concentra Managed Care Services, Inc. ("Concentra") located in Chicago, Illinois, worked together with WE Energies Medical Department to delay her long-term disability benefits.[2] Spivey-Johnson states that each of the defendants called her at home and that Scipho-Edwards and Bunker intimidated and harassed her. Spivey-Johnson states that she "was constantly getting messages left on [her] home answering machine with intimidating messages." (Compl. 6.) She also states that McNair called her at home to tell her that she would only be paid for July and August 2004. Spivey-Johnson requests compensation for the delay of her long-term disability benefits and one million dollars in damages from each defendant for their outrageous behavior and to compensate her for permanent emotional and mental damage and violation of her civil rights.[3]

Various documents attached to the complaint provide some information about the named defendants. A September 11, 2004, e-mail attached to Spivey-Johnson's complaint identifies Bunker as a nurse. An August 25, 2004, letter attached

---

[2] Spivey-Johnson's complaint states: "I declare under penalty of perjury that the foregoing is true and correct." (Compl. 8). By declaring under penalty of perjury that her complaint is true and signing the document, Spivey-Johnson has verified her complaint pursuant to 28 U.S.C. § 1746. Thus, the factual assertions in her complaint, which comply with the requirements of Fed. R. Civ. P. 56(e), are considered as if they were made in an affidavit. *See Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

[3] Spivey-Johnson filed a "relief amendment" on August 9, 2005, asking for an award of three million dollars. She states that she wants one million dollars from each defendant for permanent emotional and mental damage and for violation of her civil rights.

2

to the complaint, which is signed by McNair, lists her title as "Benefits Case Specialist." A November 2, 2004, letter attached to the complaint, which is signed by Scipho-Edwards, lists her title as "Claims Operation Manager."

In considering Spivey-Johnson's request to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

After having twice concluded that Spivey-Johnson had not demonstrated an inability to pay the $150.00 filing fee for her actions,[4] the Court revisited the question and concluded that, based on changed circumstances, Spivey-Johnson had shown that she was unable to afford the cost of filing her action. *See Spivey-Johnson v. WE Energies*, Case No. 05-C-51, Court's Decision and Order 4 (E.D. Wis. July 17, 2005). The Court relies upon those changed circumstances and concludes, that for the purposes of paying the filing fee, Spivey-Johnson is indigent – though, as the Court previously explained more fully, it is a close call. *See id.*

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis and asks whether the action warrants dismissal because it is frivolous or

---

[4] The $150.00 filing fee was in effect when Spivey-Johnson filed her initial request for *in forma pauperis* status.

3

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). "District courts must construe *pro se* pleadings liberally, . . . The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

However, 28 U.S.C. §1915(e)(2)(B)(ii) "provides that a district court must dismiss the case of a plaintiff proceeding *in forma pauperis* if the action fails to state a claim on which relief may be granted." *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *Id*. at 612. "All that is required is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id*. (quoting *Leatherman v. Tarrant County Narc. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993)). "A complaint should be dismissed for failure to state a claim only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)) (citations and internal quotation marks omitted).

4

Considering Spivey-Johnson's factual statements and her allegations, this Court must now determine whether Spivey-Johnson has stated an arguable claim for relief under federal and/or state law. Although not cited or referred to by Spivey-Johnson, her complaint may arise under the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 *et seq.*, which provides comprehensive federal regulation of all employee welfare benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). An "employee welfare benefit plan" is:

> [A]ny plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, or unemployment.

*Brundage-Peterson v. Compcare Health Serv. Ins. Corp.*, 877 F.2d 509, 509 (7th Cir. 1989).

Specified civil remedies are available under ERISA for participants in employee welfare benefit plans:

> Under the civil enforcement provisions of [ERISA], a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. A participant or beneficiary may also bring a cause of action for breach of fiduciary duty, and under this cause of action may seek removal of the fiduciary.

5

*See Pilot Life Ins. Co.*, 481 U.S. at 53. This list is exhaustive; at federal law, a participant in an employee welfare benefit plan covered by ERISA has no additional avenues of recourse against his or her employer or provider. *Id.* at 54. Further, the Supreme Court held that ERISA "provided no express authority for an award of punitive damages to a beneficiary," and "declined to find an implied cause of action for punitive damages." *Id.*

As set forth in the complaint, Spivey-Johnson was employed by WE Energies, she applied for long-term disability benefits through WE Energies, and her claim was processed, to some extent, by Concentra. Spivey-Johnson may be a plan participant and/or a beneficiary. *See* 29 U.S.C. § 1132(a). Based on the foregoing, Spivey-Johnson's claims may arise under ERISA. Specifically, she may have ERISA claims under 29 U.S.C. § 1132(a)(3)(i) and/or 29 U.S.C. § 1132(a)(3)(B)(i). *See Clair v. Harris Trust and Saving Bank*, 190 F.3d 495, 497 (7th Cir. 1999).

Spivey-Johnson wants to sue the defendants – employees of Concentra – for acting in concert with WE Energies to willfully delay her receipt of long-term disability benefits. It is unclear whether Spivey-Johnson may seek recourse against the named defendants. However, at this screening stage, Spivey-Johnson will be allowed to proceed against them on an ERISA claim. However, to the extent, she seeks punitive damages from the defendants, any such ERISA punitive damage claim

6

is dismissed for failure to state a claim upon which relief may be granted. *See Pilot Life Ins. Co.*, 481 U.S. at 54.

With respect to any potential state law claim relating to an employee welfare benefit plan, ERISA includes a preemption provision which "assures that federal regulation of covered plans will be exclusive." *Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992). Congress sought to eliminate conflicting or inconsistent State and local regulation of employee benefit plans by preempting such regulation in favor of the substantive and enforcement provisions of ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 47. To that end, Congress intended the preemption clause to be expansive in its sweep, and the clause "is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Id*. at 47-48 (quoting *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 98 (1983)).

As a result, to fall under the preemption provision of ERISA, a state law need only "relate to" covered benefit plans in the "broadest common-sense meaning." *Pilot Life Ins. Co.*, 481 U.S. at 47. The same standard also applies to actions at state common law. *Id*. Unless a common law cause of action relating to covered employee benefit plans is excepted from preemption by ERISA itself, it is "expressly pre-empted." *Id*. at 48. Therefore, if this is an ERISA action, any state statutory or common law that might have permitted Spivey-Johnson to sue for the unjustified delay in the receipt of her long term disability benefits is preempted. *Id*.

7

However, Spivey-Johnson's complaint also states that Scipho-Edwards and Bunker verbally harassed and intimidated her during phone conversations. She also alleges that intimidating messages were left on her home answering machine. Such statements may be construed as a request for damages based on the tort of intentional infliction of emotional distress. *See La Fleur v. Mosher*, 109 Wis. 2d 112, 116, 325 N.W.2d 314, 316 (Wis. 1982) (quoting *Alsteen v. Gehl*, 21 Wis. 2d 349, 359-360, 124 N.W.2d 312 (Wis. 1963)). To establish such a claim, a plaintiff must show that: (1) the defendant's conduct was "intentional"; that is, "the defendant behaved as [s]he did for the purpose of causing emotional distress for the plaintiff;" (2) the defendant's conduct was "extreme and outrageous;" (3) the "defendant's conduct was a cause-in-fact of [the plaintiff's] injury;" and, (4) she "suffered an extreme disabling emotional response to the defendant's conduct." *Id.* Spivey-Johnson has arguably alleged a claim for intentional infliction of emotional distress. Furthermore, at this stage of the proceedings and given the nature of Spivey-Johnson's allegations, the Court cannot determine whether any such claim of intentional infliction of emotional distress is preempted by ERISA. Therefore, Spivey-Johnson's amended request for leave to proceed *in forma pauperis* is granted as to any ERISA claim, except an ERISA claim for punitive damages, and a claim of intentional infliction of emotional distress.

8

Spivey-Johnson has also submitted an amended motion for appointment of counsel. Her submissions indicate that she has made meaningful efforts to obtain counsel to represent her in this action, without success. To date, Spivey-Johnson appears quite capable of representing herself in this proceeding. She is able to clearly express herself in writing and, from a procedural standpoint, she has ably maneuvered. At this juncture, Spivey-Johnson appears competent to represent herself in this proceeding. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Therefore, at this time, her motion for appointment of counsel is denied, without prejudice. *See Hudson*, 148 F.3d at 862 n.1.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Spivey-Johnson's second amended request for leave to proceed *in forma pauperis* is **GRANTED** as to any ERISA claim (except for any ERISA punitive damages claim) and as to a claim for intentional infliction of emotional distress and **DENIED** in all other respects;

The United States Marshal **SHALL** serve a copy of the complaint in the Case No. 05-C-0082, the summons, and this order upon the Defendants pursuant to Federal Rule of Civil Procedure 4;

Spivey-Johnson's amended motion for appointment of counsel is **DENIED** without prejudice.

9

Spivey-Johnson is **NOTIFIED** that she is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Spivey-Johnson should also retain a personal copy of each document. If Spivey-Johnson does not have access to a photocopy machine, Spivey-Johnson may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to the attorney(s) for the defendant(s);

Spivey-Johnson is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 30th day of November, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**