# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELIZABETH SPIVEY-JOHNSON
f/k/a ELIZABETH PENDERGAST,

             Plaintiff,

      v.                                                Case No. 05-C-82

CONCENTRA MANAGED CARE
SERVICES, INC.,
MELINDA SCHIPO-EDWARDS,
TRACEY BUNKER,
JERRILYN I. MCNAIR,

             Defendants.

## DECISION AND ORDER

The plaintiff, Elizabeth Spivey-Johnson ("Spivey-Johnson") has five actions pending before this Court.[1] By February 1, 2006, order in the 05-C-86 action, the Court indicated that counsel would be appointed for Spivey-Johnson in all five actions.

On May 12, 2006, the Court issued an order in this action, noting that counsel had not yet been appointed for the instant action, and holding that until counsel was appointed, Spivey-Johnson would not be required to respond to the motions to dismiss filed by defendants Melinda Schipo-Edwards ("Schipo-Edwards") and Tracey Bunker ("Bunker"),

---

[1] The four other actions are *Spivey-Johnson v. WE Energies*, Case No. 05-C-51 ("the 05-C-51 action"); *Spivey-Johnson v. Paper Allied Industrial Chemical & Energy Workers*, 05-C-70 ("the 05-C-70 action"); *Spivey-Johnson v. Utiliquest*, 05-C-86 ("the 05-C-86 action"); *Spivey-Johnson v. SM&P*, Case No. 05-C-87 ("the 05-C-87 action").

and defendant Concentra Managed Care Services, Inc. ("Concentra"). The Court also indicated that she will not be required to provide further service information until counsel was designated to assist her.

Generally, litigants do not have a constitutional right to counsel in a civil lawsuit, *Synergy Assoc., Inc. v. Sun Biotech., Inc.*, 350 F.3d 681, 683 (7th Cir. 2003), but the Court may, in its discretion, assign an attorney to someone who cannot afford counsel, 18 U.S.C. § 1915(e)(1). A district court may also decline to appoint counsel when, for example, it has determined that a plaintiff could not state a claim, and the presence of counsel would not have "made a difference in the outcome." *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

With respect to Spivey-Johnson's five actions, the Court made concerted and rather exceptional efforts to obtain counsel to represent Spivey-Johnson. The Court contacted a law school and 22 law firms, including a large out-of-state law firm with international offices. The law firms reviewed case file materials. No attorney accepted appointment to the instant action. At this juncture, it is no longer reasonable to continue the Court's efforts to obtain representation for Spivey-Johnson.

Spivey-Johnson has functioned ably in this action preparing timely and coherent submissions. There is no indication that the presence of counsel will make a

2

difference in the outcome of these proceedings. *See Id*. Therefore, the Court will vacate its May 12, 2006, order that Spivey-Johnson receive court-appointed counsel.[2]

The Court will set new deadlines for Spivey-Johnson to respond to the motions to dismiss filed by Schipo-Edwards and Bunker, and Concentra, and to provide service information regarding defendant Jerrilyn I. McNair ("McNair"). This week, the Court set late August deadlines for Spivey-Johnson in the 05-C-70 and 05-C-86 actions. Rather than setting more August deadlines, the Court will allow Spivey-Johnson to file her responses to the motions to dismiss in this action and the service information regarding McNair by September 22, 2006. Schipo-Edwards and Bunker and Concentra may file any reply to Spivey-Johnson's responses within the time provided by Civ. L.R. 7.1 (E.D. Wis.).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The May 12, 2006, order directing that Spivey-Johnson receive court-appointed counsel is **VACATED**.

Any responses to the motions to dismiss in this action **SHALL** be filed by **September 22, 2006**. Any reply to thereto **SHALL** be filed by Schipo-Edwards and Bunker and Concentra within the time provided by Civ. L.R. 7.1 (E.D. Wis.).

---

[2]By July 18, 2006, order in the 05-C-70 action, the Court denied Spivey-Johnson's motion to appoint counsel, and directed her to file any response to the pending motion for judgment on the pleadings and motion to dismiss by August 29, 2006. By July 18, 2006, order in the 05-C-87 action, the Court vacated its prior order granting Spivey-Johnson's amended motion for appointment of counsel and directed that by August 31, 2006, Spivey-Johnson file a short statement explaining her basis for invoking the Court's subject matter jurisdiction.

Spivey-Johnson **SHALL** file the service information regarding McNair by **September 22, 2006**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2006.

**BY THE COURT:**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**