# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIZABETH SPIVEY-JOHNSON,**
**f/k/a ELIZABETH PENDERGAST,**

            **Plaintiff,**

                                **Case No. 05-C-82**

     -vs-

**MELINDA SCHIPO-EDWARDS,**
**TRACEY BUNKER, JERRILYN McNAIR, and**
**CONCENTRA MANAGED CARE SERVICES, INC.,**

            **Defendants.**

## DECISION AND ORDER

This matter comes before the Court on separate motions to dismiss brought by the remaining defendants in this action.[1] As construed by the Court, *pro se* plaintiff Elizabeth Spivey-Johnson brought two claims against the defendants: (1) denial of benefits under ERISA; and (2) intentional infliction of emotional distress under Wisconsin state law. After repeated unsuccessful efforts to obtain court-appointed counsel on her behalf, the Court ordered Ms. Spivey-Johnson to file her response to these motions on or before September 22, 2006. As of today's date, no response has been received or filed with the Court.

No matter, because these claims are clearly deficient as a matter of law. Plaintiff's claim for benefits must be dismissed because she sued the wrong defendant. A claim for

---

[1] On July 24, 2006, the plaintiff informed the Court of her intent to terminate defendant Jerrilyn McNair and proceed against the remaining defendants. *See* Docket # 45.

benefits under Section 1132(a) of ERISA must be brought against the ERISA plan itself, not the third-party administrator of that plan. *See Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001); *Garratt v. Knowles*, 245 F.3d 941, 949 (7th Cir. 2001); *Black v. Long-term Disability Insurance*, 373 F. Supp. 2d 894 (E.D. Wis. 2005). Furthermore, the state law claim is deficient as a matter of law because it is preempted by ERISA. *See Smith v. Blue Cross & Blue Shield United of Wisconsin*, 724 F. Supp. 618, 620-21 (E.D. Wis. 1989) (where alleged state law claim for intentional infliction of emotional distress arises out of the processing of a claim for ERISA benefits, the state law claim is preempted).

More importantly, this lawsuit is enveloped in a disturbing pattern of activity by the plaintiff. Between January 19 and January 26, 2005, plaintiff filed *nine* lawsuits in this Court. In each, she requested leave to proceed *in forma pauperis* and filed motions for appointment of counsel. *See* February 3, 2005 Decision and Order, Docket # 6, Case No. 05-CV-74 (summarizing nature of actions). Four of them were dismissed as a matter of law at the screening phase of the PLRA, 28 U.S.C. § 1915A, and with the dismissal of this suit four will remain pending. The Court also expended a great deal of effort in an attempt to secure counsel for plaintiff in this lawsuit. Without expressing an opinion as to the merits of the remaining lawsuits, Ms. Spivey-Johnson has clearly abused the court system with multiple frivolous filings. While the Court is not in a position to impose sanctions at this juncture, plaintiff is on notice that such activity in the future will not be tolerated. *See McCready v. EBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) (abuse of

judicial process with frivolous litigation has resulted in harassment of opposing parties, insult to judicial officers, and waste of limited and valuable judicial resources, and would be subject to monetary sanctions). The Court is not a no-cost forum for Ms. Spivey-Johnson to air and pursue frivolous grievances at her leisure.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motions to dismiss [Docket # 28, 34] are **GRANTED**; and

2. This matter is **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2006.

**SO ORDERED,**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**